IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAURENCE R. GOODEN, | ) | 8:07CV253 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DOUGLAS COUNTY | ) | |
| DEPARTMENT OF | ) | |
| CORRECTIONS MEDICAL | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his complaint in this matter on June 29, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 10.) Plaintiff also filed a motion to discover (filing no. 6), a motion to appoint counsel (filing no. 7), and a motion to divide payments (filing no. 12), all of which are pending before the court. The court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.[1]

## I.   INITIAL REVIEW OF COMPLAINT

### A.   Summary of Complaint

Plaintiff filed his complaint on June 29, 2007 against four Defendants, the Douglas County Department of Corrections Medical Department (the "DCC Medical Dept."), Dr. T.D. Gensler, Tracy Brisso, and Janice Unknown. (Filing No. 1 at

---

[1]The court notes that it previously determined that this matter is related to another pending case in this court, Case No. 8:07CV319.

CM/ECF p. 2.) Defendants Brisso and Janice Unknown are nurses employed by the DCC Medical Dept. (*Id.*) Plaintiff does not state in which capacities these individuals are being sued.

Condensed and summarized, Plaintiff's allegations relate to injuries he sustained while incarcerated at the Douglas County Correctional Center (the "DCC"). Prior to Plaintiff's entering the DCC on March 30, 2007, he sustained injuries to his back, sides, legs, groin, prostate, and testicles due to a fall at his residence. (*Id.* at CM/ECF p. 5.) Upon arriving at the DCC and after a period of lockdown due to Plaintiff's "depression and anxiety," he was assigned to a top bunk. (*Id.*)

Except for one day, between his arrival at the DCC on March 30, 2007 and May 13, 2007, Plaintiff was not given a bottom bunk. (*Id.* at CM/ECF pp. 5-6.) On May 12, 2007, Plaintiff re-injured himself when getting out of the top bunk. Plaintiff was seen by the DCC Medical Dept. for his injuries, but still was not given a "medically-necessary" bottom bunk. (*Id.* at CM/ECF p. 5.) Plaintiff was only given a bottom bunk after DCC employees intervened, and not because of the actions of the DCC Medical Dept.

Plaintiff seeks damages in the amount of $46,000.00 for his re-injuries and for "pain suffering; mental/physical anguish." (*Id.* at CM/ECF p. 8.)

### B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which

relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### C.  Discussion of Claims

#### 1.  Claims Against Individual Defendants

A prisoner-plaintiff seeking relief for claims relating to his medical care must allege that a defendant-prison official was deliberately indifferent to the plaintiff's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)). Further, a plaintiff must allege that he

had objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn* 491 F.3d 394, 396-97 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 972-73 (8th Cir. 2006). "[S]ociety does not expect that prisoners will have unqualified access to health care. Therefore, 'deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)(citing *Estelle*, 429 U.S. at 103-104).

Plaintiff alleges that, prior to his incarceration, he sustained injuries to his back, sides, legs, groin, prostate, and testicles due to a fall at his residence. (Filing No. 1 at CM/ECF p. 5.) Plaintiff also alleges that he sought treatment from "Nurse Janice" but that she did not timely act on his requests. (*Id.* at CM/ECF p. 6.) Plaintiff re-injured or aggravated his injuries as a result. The medical conditions described by Plaintiff, if true, may be serious. Liberally construed, Plaintiff has therefore set forth enough facts to nudge his claims against Defendant Nurse Janice Unknown across the line from conceivable to plausible. As a result, Plaintiff's claims against her may proceed. However, the court cautions Plaintiff that this is only a preliminary determination based only on the allegations of the complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

Regarding the claims against Defendants T.D. Gensler and Tracy Brisso, the court must consider that *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). There are no allegations in the complaint of any direct involvement by Defendants Gensler and Brisso in Plaintiff's medical care. Therefore, to the extent that Plaintiff contends that Defendants Gensler and Brisso are liable for the actions or inactions of Defendant Janice Unknown or others, Plaintiff fails to state a claim upon which relief can be granted.

### 2.     Claims Against DCC Medical Dept.

Plaintiff also seeks relief against the DCC Medical Dept., which the court liberally construes as a claim against Douglas County, Nebraska. A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998)(citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990)(citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege any county policy or custom which caused him injury. Indeed, Plaintiff does not allege *any* of the *Jane Doe* factors set forth above. Based on the allegations of the complaint, the court finds that Plaintiff has not alleged any cognizable claim against the DCC Medical Dept.

On its own motion, the court will permit Plaintiff 30 days in which to amend his complaint to clearly state a claim upon which relief can be granted against Defendants Gensler, Brisso, and/or the DCC Medical Dept. Any amended complaint shall restate the allegations against Defendant Janice Unknown contained in Plaintiff's current complaint (filing no. 1), and any new allegations against Defendants Gensler, Brisso, and the DCC Medical Dept. Failure to consolidate all claims into one document may result in the abandonment of claims.

## II.  PLAINTIFF'S PENDING MOTIONS

Pending before the court are Plaintiff's motion to discover (filing no. 6), motion to appoint counsel (filing no. 7) and motion to divide payment (filing no. 12.) All of the motions are denied.

By this memorandum and order, Plaintiff is permitted 30 days in which to amend his complaint. Thereafter, summons will issue and service will occur. Approximately 30 days after the last Defendant has filed an answer, a case progression order will be entered. The court sees no need for discovery until that time. Plaintiff's motion to discover (filing no. 6) is therefore denied.

Plaintiff seeks the appointment of counsel. However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* The motion for the appointment of counsel (filing no. 7) is therefore denied without prejudice.

In his motion to divide fees, Plaintiff requests that the court divide the recent payment of $13.00 between his two pending cases, this matter and Case No.

8:07CV319. However, as set forth in Case No. 07CV319 (filing no. 11), the information currently before the court indicates that the payment was properly applied. Plaintiff's motion to divide fees (filing no. 12) is therefore denied.

IT IS THEREFORE ORDERED that:

1. Plaintiff may proceed on his claims against Defendant Nurse Janice Unknown. However, summons will not be issued until after the amendment of Plaintiff's complaint as set forth in this memorandum and order.

2. Plaintiff's claims against Defendants T.D. Gensler, Tracy Brisso, and the DCC Medical Dept. are dismissed without prejudice.

3. Plaintiff shall have until **January 28, 2008** to amend his Complaint to clearly state a claim upon which relief can be granted against Defendants T.D. Gensler, Tracy Brisso, and the DCC Medical Dept. In the absence of Plaintiff's filing an amended complaint, this case will proceed only on the claims against Defendant Nurse Janice Unknown as set forth in this memorandum and order and summons will be issued only as to her.

4. Any amended complaint shall be titled "Amended Complaint" and shall consolidate Plaintiff's claims as set forth in this memorandum and order.

5. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **January 28, 2008** and direct Clerk to issue summons if no amended complaint is filed.

6. To the extent Plaintiff raises state law claims, the court reserves any ruling regarding whether it will exercise supplemental jurisdiction over those claims.

7.   Plaintiff's motion to discover (filing no. 6), motion to appoint counsel (filing no. 7), and motion to divide fees (filing no. 12) are denied as set forth in this memorandum and order.

8.   Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

December 26, 2007.                    BY THE COURT:

                                      s/ Joseph F. Bataillon
                                      Chief United States District Judge