IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAURENCE R. GOODEN, | ) | 8:07CV253 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| T.D. GENSLER, M.D., and JANICE ZACHAR, | ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motion to Dismiss. (Filing No. 31.) As set forth below, Defendants' Motion is granted.[1]

## I.   BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on June 29, 2007 against four Defendants, the Douglas County Department of Corrections Medical Department (the "DCC Medical Dept."), Dr. T.D. Gensler ("Gensler"), Tracy Brisso, and Janice Zachar ("Zachar")[2]. (Filing No. 1 at CM/ECF p. 2.) After conducting an initial review, the court dismissed claims and permitted Plaintiff leave to amend his Complaint. On January

---

[1]Plaintiff filed a Motion for Summary Judgment, Brief in Support, and Declaration on October 3, 2008. (Filing Nos. 36, 37, and 38.) The Motion for Summary Judgment raises the same issues and allegations as the Amended Complaint. Because Defendants' Motion to Dismiss is granted, the Motion for Summary Judgment will be denied as moot.

[2]Plaintiff refers to Defendant Zachar as "Janice Unknown." However, Defendants identify this Defendant as "Janice Zachar" and Plaintiff has not objected or otherwise questioned this information. (Filing No. 24.) For the sake of clarity, the court will direct the Clerk of the court to update the court's records to reflect this information.

9, 2008, Plaintiff filed an Amended Complaint, naming only Defendants Gensler and Zachar. (Filing No. 14.) Plaintiff alleges that Zachar is a nurse employed by the DCC Medical Dept. and that Gensler is "the head" of the DCC Medial Dept. (*Id.* at CM/ECF p. 1.)

Condensed and summarized, Plaintiff's allegations relate to injuries he sustained prior to being incarcerated at the Douglas County Correctional Center (the "DCC"). Prior to Plaintiff's entering the DCC on March 30, 2007, he sustained injuries to his "testicles, scrotum, penis, upper thighs, right leg, right shoulder, stomach, low back, and sides" as a result of falling through a stair. (*Id.* at CM/ECF p. 2.) Upon arriving at the DCC, Plaintiff was housed in the "infirmary" because he was "suicidal," and was released to the "regular population on or about April 5th or 6th, 2007." (*Id.*)

Plaintiff alleges that, despite his injuries, between his release into the "regular population" and May 13, 2007, Plaintiff was given a bottom bunk for only one day. (*Id.* at CM/ECF pp. 3-6.) On several occasions, most notably on or around May 12, 2007, Plaintiff re-injured himself when getting out of the top bunk. In particular, Plaintiff alleges that the act of getting out of the top bunk "re-tore" his injured muscles. (*Id.* at CM/ECF p. 3.) Plaintiff was seen by Defendants on May 14, 2007 for his re-torn muscles, but still was not given a bottom bunk. (*Id.* at CM/ECF pp. 3-5.) Plaintiff was eventually given a bottom bunk. (*Id.*; Filing No. 1 at CM/ECF p. 18.)

The documents submitted by Plaintiff[3] show that he was seen by Defendants at least three times, on April 12, 2007, April 30, 2007, and May 14, 2007. (Filing No. 41 at CM/ECF pp. 23-25.) During each of these visits, Plaintiff complained about his pre-incarceration injuries and related pain and was treated. (*Id.*) The treatment

---

[3]These documents were submitted and relied upon by Plaintiff in his Brief in Opposition to the Motion to Dismiss.

included a prescription for naproxen, the offer of a liquid diet (which Plaintiff refused), and other treatment. (*Id.*)

Plaintiff alleges that Zachar denied medical treatment to Plaintiff because she denied him a medically-necessary bottom bunk and because she failed to treat him on an emergency basis during the weekend of May 12-14, 2007. (Filing No. 14 at CM/ECF pp. 6-7.) Plaintiff alleges that Gensler is Zachar's superior and that no emergency treatment can occur without his approval. (*Id.* at CM/ECF p. 6.) Plaintiff alleges claims under the Eighth Amendment and under state law and seeks $46,000.00 for "pain/suffering and mental anguish." (*Id.* at CM/ECF p. 1.)

Defendants filed their Motion to Dismiss and Brief in Support on August 28, 2008 and a Reply Brief on October 22, 2008. (Filing Nos. 32, 33, and 44.) Plaintiff filed a Brief in Opposition to the Motion on October 8, 2008. (Filing No. 41.) Defendants argue that Plaintiff's claims should be dismissed for failure to state a claim upon which relief may be granted because Plaintiff's medical needs were not serious and because Defendants were not deliberately indifference to those needs. (Filing No. 33.)

## II. ANALYSIS

### A. Standard of Review

The standard on a motion to dismiss is the same as that previously applied on initial review of the Complaint. In short, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether

a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

### B. Defendants' Motion to Dismiss

Defendants argue that they are entitled to dismissal because Plaintiff does not sufficiently allege an Eighth Amendment violation, and the Amended Complaint therefore fails to state a claim upon which relief may be granted. (Filing No. 33.) The court agrees. To sustain a claim under the Eighth Amendment, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The plaintiff must allege and show that he suffered objectively serious medical needs, and that officials actually knew of but deliberately disregarded those needs. *Hartsfield v. Colburn*, 491 F.3d 394 (8th Cir. 2007). "[S]ociety does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* (citing *Estelle*, 429 U.S. at 103-104). However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106; *see also Davis v. Hall*, 992 F.2d 151, 153 (8th Cir. 1993) ("Disagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs.").

A "serious" medical need must be either obvious to a layperson or supported by medical evidence, such as a physician's diagnosis. *Roberson v. Bradshaw*, 198

F.3d 645, 648 (8th Cir. 1999). Further, the failure to diagnose and treat a medical condition "does not constitute punishment within the meaning of the Eighth Amendment unless prison officials knew that the condition created an excessive risk to the inmate's health and then failed to act on that knowledge. As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted).

While the court seriously doubts that Plaintiff has set forth enough allegations to show that his medical needs were "serious," Plaintiff's submissions also do not support an allegation of "deliberate indifference" on the part of Defendants towards those needs. Plaintiff's allegations of "deliberate indifference" relate entirely to the allegation that he did not receive a bottom bunk assignment, which he believes he needed in order to treat his pre-incarceration injuries. However, as set forth above, Plaintiff has no right to receive a particular course of treatment. Plaintiff has submitted documentation showing that he received ongoing treatment for his injuries, including several doctor visits, prescription pain medication, the offer of a liquid diet (which Plaintiff refused), and other care. (Filing No. 41 at CM/ECF pp. 23-25.) There is nothing in any of the documents filed by Plaintiff which alleges or indicates that Plaintiff's medical conditions were deliberately disregarded or otherwise ignored by Defendants.

In short, Plaintiff's allegations do not state a claim upon which relief may be granted. Instead, Plaintiff's complaints regarding the treatment he received for his pre-incarceration muscle injuries and related pain amount to "disagreement with a medical judgment," which are not enough to sustain an Eighth Amendment claim. *Davis*, 992 F.2d at 153 (8th Cir. 1993). Plaintiff has no right to a "requested course of treatment," such as a bottom bunk assignment, and his claims against Defendants are therefore dismissed. However, because Plaintiff may have state law claims for

medical malpractice, the court will dismiss Plaintiff's claims without prejudice to reassertion in the proper forum.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion to Dismiss (filing No. 31.) is granted.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. All other pending motions are denied as moot.

4. The Clerk of the court is directed to update the court's records to change the name of Defendant "Janice Unknown" to "Janice Zachar."

5. The Clerk of the court is directed to place the 28USC1915(g)_STR flag on this matter.

December 12, 2008.                    BY THE COURT:


                                      s/ Joseph F. Bataillon
                                      Chief United States District Judge